# UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF PUERTO RICO

JOSE GONZALEZ FELICIANO,
Plaintiff,

v.

Civil No. 98-1381 (HL)

SERVICIOS CORRECCIONALES, ET AL.,
Defendants.

## OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss and/or Summary Judgment, Dkt. No. 11. In that motion, Defendants argue that Plaintiff's claim should be dismissed because of failure to exhaust available administrative remedies, because of the existence of a meaningful post-deprivation remedy, and because negligent deprivations of property do not violate the Constitution. The Court agrees with Defendants on each of these adequate, alternative grounds and shall therefore order this claim dismissed.

Plaintiff's complaint alleges that he was admitted to the Ponce Maximum Security Prison on August 19, 1997. Upon admission to the prison, Plaintiff's belongings were taken from him by prison employees and mailed to a family member of Plaintiff. Events went awry, however, on the day after Plaintiff's admission. A riot took place in the prison, and many of the prisoners' belongings were damaged or lost. Plaintiff assumes that his

Civil No. 98-1381 (HL) 2

belongings met with a similar fate, as his property did not arrive complete at the home of his family member.

Seeking a remedy for the loss of his property, Plaintiff set in motion the prison's administrative grievance procedure. As Defendants point out, however, Plaintiff failed to file an appeal from the initial denial of his claim within the five-day limit provided for in the prison's grievance procedures. Plaintiff then filed this lawsuit in federal court under 42 U.S.C. § 1983.

In 1996, in the Prison Litigation Reform Act ("PLRA"), Congress amended the provisions of 42 U.S.C. § 1997e. That statute now imposes a strict exhaustion requirement on prisoners bringing suits "with respect to prison conditions." 42 U.S.C.A. § 1997e(a) (West Supp. 1999). The statute provides,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Id.*

In interpreting this statute, courts have encountered difficulties in two areas. First, the meaning of the expression "with respect to prison conditions" is not entirely clear. Plaintiff's suit for the loss or destruction of his property does not fit neatly into the category of suits brought with respect to prison conditions. On the other hand, the statute itself provides no guidance as to the intended breadth of this category. This Court finds

Civil No. 98-1381 (HL)                              3

persuasive those cases in which courts have looked elsewhere in the PLRA for the meaning of "with respect to prison conditions."

In *Moore v. Smith*, 18 F.Supp.2d 1360 (N.D.Ga. 1998), the district court looked to another section of the PLRA, 18 U.S.C.A. § 3626(g)(2) (West Supp. 1999), to gain some insight into this issue. That section of the PLRA defines "'civil action with respect to prison conditions' as 'any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined to prison, but does not include habeas corpus proceedings . . . .'" *Moore*, 18 F.Supp. at 1363 (quoting 18 U.S.C.A. § 3626(g)(2) (West Supp. 1999)). In *Moore*, the district court applied this definition to include an assault on a prisoner by a prison guard as an "effect[] of actions by government officials on the lives of [prisoners] . . . ." *Id.* See also *Beeson v. Fishkill Correctional Facility*, 28 F.Supp.2d 884, 888-92 (S.D.N.Y. 1998); *Jones v. Detella*, 12 F.Supp.2d 824, 826 (N.D.Ill. 1998); *Hollimon v. DeTella*, 6 F.Supp.2d 968, 969 (N.D.Ill. 1998); *Warburton v. Underwood*, 2 F.Supp.2d 306, 311 n.2 (W.D.N.Y. 1998); *Lacey v. C.S.P. Solano Med. Staff*, 990 F.Supp. 1199, 1204 n. 6 (E.D.Cal. 1997); *Evans v. Allen*, 981 F.Supp. 1102, 1105-06; *Morgan v. Arizona Dep't of Corrections*, 976 F.Supp. 892, 895-96 (D.Ariz. 1997). But see *Baskerville v. Goord*, 1998 WL 778396, 3-5 (S.D.N.Y. 1998); *White v. Fauver*, 19 F.Supp.2d 305, 312-15 (D.N.J. 1998); *Rodriguez v. Berbary*, 992 F.Supp. 592, 593 (W.D.N.Y. 1998); *Johnson v. O'Malley*, 1998 WL 292421, 3 (N.D.Ill. 1998). Applying the same reasoning, it becomes clear that Plaintiff's

Civil No. 98-1381 (HL)                                4

deprivation of his personal belongings by the acts or omissions of prison officials is also "an effect[] of actions by government officials on" Plaintiff's life. Although rioting inmates were likely responsible for the loss or destruction of Plaintiff's personal effects, Plaintiff is bringing this action essentially alleging negligence by prison officials in failing to take adequate measures to protect Plaintiff's property. Thus, this suit clearly involves "actions by government officials."

The second area in which courts have found difficulty in arriving at a bright-line rule is whether 42 U.S.C. § 1997e(a)'s exhaustion requirement applies to claims for money damages when money damages are not an available remedy under prison grievance procedures. A number of courts have held that because §1997e(a) only requires the exhaustion of "available" administrative remedies, and money damages are not an available remedy, a prisoner seeking money damages need not exhaust prison administrative procedures. See, e.g., *Whitley v. Hunt*, 158 F.3d 882, 886-87 (5th Cir. 1998); *Lunsford v. Jumao-As*, 139 F.3d 1233, 1233 (9th Cir. 1998); *Garret v. Hawk*, 127 F.3d 1263, 1266 (10th Cir. 1997); *White*, 19 F.Supp.2d at 316-17; *Hollimon*, 6 F.Supp.2d at 970 (N.D.Ill. 1998); *Polite v. Barbarin*, 1998 WL 146687, 2 (S.D.N.Y. 1998); *Lacey*, 990 F.Supp. at 1205; *Russo v. Palmer*, 990 F.Supp. 1047, 1050 (N.D.Ill. 1998). These courts reason that it would be futile for a prisoner seeking money damages to pursue an administrative procedure in which money damages are not available. See *Moore*, 18 F.Supp.2d at 1363

Civil No. 98-1381 (HL)                              5

(summarizing the case law against the exhaustion requirement in claims for money damages).

This Court, however, finds persuasive the reasons weighing in favor of the exhaustion requirement for prisoners seeking money damages. See, e.g., *Alexander v. Hawk*, 159 F.3d 1321, 1325-27 (11th Cir. 1998); *Sallee v. Joyner*, 40 F.Supp.2d 766, 770 (E.D.Va. 1999); *Beeson*, 28 F.Supp.2d 892-95; *Funches v. Reish*, 1998 WL 695904, 7-9 (S.D.N.Y. 1998); *Moore*, 18 F.Supp.2d at 1364; *Bearden v. Godfrey*, 1998 WL 456294, 1 (N.D.Cal. 1998); *Melo v. Combes*, 1998 WL 67667, 3 (S.D.N.Y. 1998); *Spence v. Mendoza*, 993 F.Supp. 785, 787-88 (E.D.Cal. 1998); *Gibbs v. Bureau of Prison Office*, 986 F.Supp. 941, 943-44 (D.Md. 1997). In *Moore v. Smith*, the district court set out five compelling reasons for maintaining the exhaustion requirement with respect to claims for money damages. First, § 1997e(a)'s language supports the exhaustion requirement even when money damages are sought. The statute simply provides that a prisoner shall exhaust "such administrative remedies as are available." 42 U.S.C.A. § 1997e(a) (West Supp. 1999). As the district court explained,

> [t]he most natural reading of this language leads to the conclusion that Congress was not asking courts to evaluate the sufficiency of the administrative remedies, but merely intended to require prisoners to utilize the existing administrative remedies, whether the grievance procedure will produce the precise remedy that the prisoner seeks or some other remedy.

Civil No. 98-1381 (HL)                                6

*Moore*, 18 F.Supp.2d at 1364. See also *Langford v. Couch*, 50 F.Supp.2d 544, 547-48 (E.D.Va. 1999); *Sallee*, 40 F.Supp.2d at 770; *Beeson*, 28 F.Supp.2d at 893; *Funches*, 1998 WL 695904 at 8; *Spence*, 993 F.Supp. at 787.

Second, allowing prisoners to avoid the exhaustion requirement by including a claim for money damages in their suits would encourage prisoners to engage in strategic litigation tactics. In other words, they might simply add damages claims to their complaints so that they could file suit without first exhausting their administrative remedies. *Moore*, 18 F.Supp.2d at 1364. See also *Sallee*, 40 F.Supp.2d at 770; *Beeson*, 28 F.Supp.2d at 893; *Funches*, 1998 WL 695904 at 9. Third, the prisons have an interest in having a chance to investigate and resolve prisoners' allegations internally. When given this chance, the prisons can take appropriate corrective measures, if necessary, before they are faced with a court order to do so or a judgment for damages. *Moore*, 18 F.Supp.2d at 1364. See also *Sallee*, 40 F.Supp.2d at 771; *Beeson*, 28 F.Supp.2d at 895.

Fourth, strict enforcement of the exhaustion requirement benefits the federal courts by reducing their caseload. If a prison's internal grievance procedures successfully resolve a prisoner's complaint, there will be no lawsuit. *Moore*, 18 F.Supp.2d at 1364. See also *Alexander*, 159 F.3d at 1327 n. 11; *Sallee*, 40 F.Supp.2d at 771; *Beeson*, 28 F.Supp.2d at 893; *Funches*, 1998 WL 695904 at 9. Fifth, prisoners with complaints are not harmed in any way by having to comply with the exhaustion requirement. In fact, they may even

AO 72A
(Rev.8/82)

Civil No. 98-1381 (HL)                              7

obtain redress more quickly than they otherwise would in the overloaded federal courts. *Moore*, 18 F.Supp.2d at 1364.

In this case, Plaintiff does not specify what kind of relief he is seeking, other than to say that he wants his problem to be "resolved." Assuming that this means that Plaintiff wants compensation for his loss, he falls into the category of prisoners seeking money damages. Although the prison's grievance procedures state that one of the available remedies is "reimbursement," it is not clear whether this remedy is intended provide full damages-type compensation for a prisoner's loss. Thus, for purposes of this opinion, the Court shall consider money damages in the traditional sense to be unavailable via the prison's grievance procedures. Still, Plaintiff must exhaust his available administrative remedies, whatever they may be, before bringing suit.

Plaintiff failed to exhaust his available administrative remedies when he omitted to file an appeal of the initial disposition of his grievance. Thus, § 1997e(a)'s provision that "[n]o action shall be brought" becomes operative and requires the dismissal of Plaintiff's claim.

Besides alleging Plaintiff's failure to exhaust his available administrative remedies, Defendants' motion to dismiss asserts that Plaintiff's § 1983 claim is precluded by the fact that the prison had an adequate post-deprivation remedy available to Plaintiff to deal with the loss of his property. Although neither party expressly identifies the constitutional right at stake in this litigation, the facts and the parties' arguments leave no room for doubt.

Civil No. 98-1381 (HL) 8

Plaintiff alleges a deprivation of property without due process of law. See U.S. CONST. amend. XIV, § 1. In other words, Plaintiff seeks redress for a violation of what has come to be known as "procedural due process."

That the existence of an adequate post-deprivation remedy satisfies the requirements of procedural due process is well-settled. See *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). The question in this case is whether the post-deprivation remedy that the prison provided to Plaintiff was adequate. To their Motion to Dismiss, Defendants annexed a copy of the prison's administrative procedures. Upon examination of these procedures, the Court finds no reason to question their adequacy. The procedures are designed to evaluate the claims of prisoners for, among other things, the loss of property. See Dkt. No. 11, Exhibit 1. Further, the procedures provide for remedies including replacement, reimbursement, change of procedures or practices, and correction of records. See *id.* Finally, prisoners have an opportunity to appeal to the Warden the disposition of their grievances by the Facility Grievance Officer. See *id.*

Not only does Plaintiff fail to allege that these procedures are inadequate, but he also fails to allege that prison officials abdicated their responsibility to implement these procedures. Thus, the Court finds no reason to consider further the adequacy of the post-deprivation remedy available to Plaintiff.

Civil No. 98-1381 (HL)                                        9

The final issue raised by Defendants in their Motion to Dismiss relates to the state of mind requirement for making out a violation of procedural due process. Plaintiff's complaint merely alleges that certain items of his property failed to arrive intact at the home of his family member. Plaintiff does not allege that any prison employee intended to misplace or destroy his property. Without such an allegation, Plaintiff's claim simply does not make out a violation of procedural due process. The Due Process Clause is not implicated by state actors' negligent actions with respect to property; a "deprivation in the *constitutional sense*" must have taken place. *Daniels v. Williams*, 474 U.S. at 330-31 (quoting Justice Powell's concurrence in *Parratt v. Taylor*) (emphasis in original). Thus, due process requirements, such as the requirement of a post-deprivation remedy, are not triggered here. To commit a violation, the state actor must instead make a "*deliberate decision[] . . . to deprive.*" *Daniels*, 474 U.S. at 331. Since Plaintiff does not allege this state of mind, there can be no constitutional violation, and Plaintiff has no cause of action under § 1983.

Wherefore, this claim is hereby dismissed. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, January 10, 2000.

HECTOR M. LAFFITTE
Chief U.S. District Judge

AO 72A
(Rev.8/82)